**Barbara METZ, et al., Plaintiffs–Appellants,**

v.

**WYETH, LLC, et al., Defendants–Appellees.**

No. 12–13321.

United States Court of Appeals, Eleventh Circuit.

Aug. 1, 2013.

David Joseph Sales, David J. Sales, PA, Jupiter, FL, Brent R. Bigger, Abrahamson & Uiterwyk, Tampa, FL, William J. Curtis, Husch Blackwell LLP, Saint Louis, MO, Terrence J. Donahue, Jr., Daniel J. McGlynn, McGlynn Glisson Mouton, Baton Rouge, LA, for Plaintiffs–Appellants.

Kevin Christopher Newsom, Lindsey Boney, IV, Bradley Arant Boult Cummings, LLP, Birmingham, AL, Kannon K. Shanmugam, Williams & Connolly, LLP, Washington, DC, Charles L. Casteel, Davis Graham & Stubbs LLP, Denver, CO, Hildy M. Sastre, I, Mihai M. Vrasmasu, Shook Hardy & Bacon, LLP, Miami, FL, John W. Sinnott, Quentin F. Urqu-

hart, Jr., Irwin Fritchie Urquhart & Moore LLC, New Orleans, LA, Henninger Bullock, Andrew J. Calica, Paula A. Tuffin, Mayer Brown, LLP, New York, NY, Mihai M. Vrasmasu, Scott Parker Yount, Garrison Yount Forte Mulcahy and Lehner LLC, C. Howard Hunter, Ethen R. Shapiro, Hill Ward Henderson, PA, Tampa, FL, Richard Alan Dean, Jennifer L. Mesko, Matthew P. Moriarty, Tucker Ellis, LLP, Cleveland, OH, for Defendants–Appellees.

Before MARTIN and FAY, Circuit Judges, and EDENFIELD,[*] District Judge.

PER CURIAM:

The Metz's case had a bad two days in June, as their attorney has recognized in a model display of professionalism. The opinions in *Mutual Pharmaceutical Co. v. Bartlett*, —— U.S. ——, 133 S.Ct. 2466, 186 L.Ed.2d 607 (2013), and *Guarino v. Wyeth, LLC, et al.*, 719 F.3d 1245 (11th Cir.2013), disposed of all the claims before us, including the Metz's negligent design claim against Wyeth and Schwarz. *See Guarino*, 719 F.3d at 1250–52. The judgment of the district court therefore is

AFFIRMED.

MARTIN, Circuit Judge, concurring:

While conceding that most of their arguments on appeal were disposed of by *Mutual Pharm. Co., Inc. v. Bartlett*, —— U.S. ——, 133 S.Ct. 2466, 186 L.Ed.2d 607 (2013), and *Guarino v. Wyeth LLC, et al.*, 719 F.3d 1245 (11th Cir.2013), the Metzes

---

[*] Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

asserted at oral argument that their negligent design claim against Wyeth and Schwarz survived. I write separately only to elaborate on the majority's conclusion that *Guarino* also precludes that claim.

The holding in *Guarino* is clear: "Florida law does not recognize a claim against the brand manufacturer of a prescription drug when the plaintiff is known to have consumed only the generic form." 719 F.3d at 1253. Because Mrs. Metz only consumed the generic form of metoclopramide, *Guarino*'s analysis bars any claims, including a negligent design claim, against Wyeth and Schwarz, the brand name manufacturers.

Also, contrary to the Metzes' argument, *Vincent v. C.R. Bard, Inc.,* 944 So.2d 1083 (Fla. 2d DCA 2006), does not alter our analysis. In that case, the Florida Second District Court of Appeal held that "a designer who defectively designs a product should not be shielded from liability for negligence because of the mere fact that there was an intervening manufacturer or distributor." *Id.* at 1086. However, unlike *Vincent,* where the designer used a separate firm to manufacture its product and profited from that product's sale, here Wyeth did not use Actavis to manufacture its drug and profit from Mrs. Metz's purchase of the Actavis product. The relationships between the designer and the manufacturer and purchaser in *Vincent* are not analogous to the relationships between Wyeth and Actavis or Wyeth and Mrs. Metz. Tellingly, a number of the Florida cases on which *Guarino* relied for its holding were issued after *Vincent.* *Guarino,* 719 F.3d at 1250–52; *see also, e.g., Howe v. Wyeth Inc.,* No. 8:09–CV–610–T–17AEP, 2010 WL 1708857, at *3 (M.D.Fla. April 26, 2010).